IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ROBERT G. ORFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:12CV541–HEH |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(Dismissing Plaintiff's Complaint)

THIS MATTER is before the Court on Plaintiff's Motions to Proceed *In Forma Pauperis* (Dk. Nos. 1, 2, and 3). In the accompanying Order, the Court GRANTS Plaintiff's motions and permits him to proceed in this case without paying the Court's filing fee. However, for the reasons set forth herein, the Court finds that Plaintiff's Complaint fails to state any federal cause of action. To the extent that any state law claim remains, the Court declines to exercise supplemental jurisdiction over it. Accordingly, the case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6).

### I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true and views all facts in the light most favorable to Plaintiff. *See Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Also, because Plaintiff proceeds *pro se*, the Court endeavors to liberally construe

his allegations, however inartfully pleaded. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)). Construed in this fashion, Plaintiff's Complaint alleges the following facts.

Plaintiff was convicted of statutory rape in 1992 and sentenced to ten years in prison with eight of those years suspended. (Compl. at ¶ 4.) Although charged with a number of additional sexual offenses since 1992, he contends that each of those charges was dismissed. (*Id.* at ¶¶ 5-9.) In connection with this history, Plaintiff is now identified as a sex offender on Virginia's publicly accessible Sex Offender Registry. (*Id.* at ¶ 1.)

Plaintiff now brings this lawsuit seeking to remove him from Virginia's Sex Offender Registry. Liberally construing his allegations as best as it can, the Court deciphers five claims contained therein: (1) that his criminal record does not meet the legal criteria for listing on Virginia's Sex Offender Registry, Va. Code § 9.1-900 through 9.2-922; (2) that the retroactive effect of Virginia's registry requirements violates the *Ex Post Facto* Clause of the Constitution; (3) that such a listing likewise violates the constitutional prohibition on Bills of Attainder; (4) that Virginia's Sex Offender Registry unlawfully discriminates against former sex offenders as a protected class; and, (5) that registration and mandatory therapy constitutes further punishment in violation of the constitutional prohibition on double jeopardy.

### III. DISCUSSION

Four of Plaintiff's claims implicate federally protected rights, while the remaining claim is based on Virginia state law. Recognizing that supplemental jurisdiction over the state claim is predicated upon the existence of a federal question, the Court begins its

2

analysis with the federal claims. *See Kendall v. City of Chesapeake*, 174 F.3d 437, 444 (4th Cir. 1999) (acknowledging a district court's broad discretion to decline the exercise of supplemental jurisdiction when all federal claims are dismissed).

First, the Fourth Circuit has already rejected the argument that Virginia's sex offender registry requirement violates the *Ex Post Facto Clause* of the Constitution, because the registration requirement is not of a punitive nature. *Ballard v. FBI*, 102 Fed. App'x 828, 829 (4th Cir. 2004) (citing *Smith v. Doe*, 538 U.S. 84, 105-06 (2003); *Kitze v. Commonwealth*, 23 Va. App. 213 (1996)). Since registration of sex offenders is not punitive, it likewise does not run afoul of constitutional prohibitions on Bills of Attainder or double jeopardy. *See Smith*, 538 U.S. at 97 (noting that Bill of Attainder and double jeopardy jurisprudence follow the same reasoning). Finally, any claim that former sex offenders constitute a protected class must be rejected—this Court can find no authority for such a proposition. For these reasons, each of Plaintiff's federal claims must be dismissed.

The Court makes no finding with regard to Plaintiff's contention that his criminal offenses do not satisfy Virginia's statutory criteria for inclusion on the Sex Offender Registry. Rather, in its discretion, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim. *Kendall*, 174 F.3d at 444.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6). The Court further declines to exercise supplemental jurisdiction over Plaintiff's purported state law claim.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Aug. 16, 2012
Richmond, Virginia